MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2025 ME 54
Docket:       Cum-24-378
Argued:       May 8, 2025
Decided:      June 26, 2025

Panel:        STANFILL, C.J., and MEAD, HORTON, LAWRENCE, and DOUGLAS, JJ.

KATHERINE FRATELLO

v.

RUSSELL A. MANN

LAWRENCE, J.

[¶1]  Katherine Fratello appeals from an order of the Superior Court (Cumberland County, *Lipez, J.*) denying her special motion to dismiss pursuant to Maine's anti-SLAPP statute, 14 M.R.S. § 556 (2024), a counterclaim by Russell A. Mann.[1]  Because we determine that Mann's counterclaim was not based on petitioning activity protected under 14 M.R.S. § 556, we affirm the court's denial of the special motion to dismiss Mann's counterclaim.

---

[1] Title 14 M.R.S. § 556 was repealed and replaced with new anti-SLAPP statutes, which took effect in January 2025.  *See* P.L. 2023, ch. 626, §§ 1-2 (effective Jan. 1, 2025) (codified at 14 M.R.S. §§ 731-742 (2025)).  Because the events of this case took place prior to the effective date of the new statute, we apply 14 M.R.S. § 556.  *See* 1 M.R.S. § 302 (2025) ("Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby.").

## I. BACKGROUND

[¶2]  On August 22, 2023, Mann executed a secured promissory note payable to Fratello in the amount of $60,000, and Mann received the money that same day.   Under the terms of the note, Mann would make equal installment payments of $799.04 each month beginning October 15, 2023.

[¶3] On September 29, 2023, Mann tendered to Fratello a cashier's check in the amount of $3,500, which Mann claims covered the first two payments due on the note as well as payment toward other loans.  Fratello claims that the check was not valid and therefore did not satisfy Mann's payment obligations under the note.[2]  Consequently, on November 29, 2023, Fratello served Mann with a demand letter titled "Notice of Default, Right to Cure, and Demand for Payment," asserting that Mann was in default for failing to make the first two payments that were due on the note.

[¶4]  On January 5, 2024, Fratello filed an eight-count complaint in the Superior Court based largely on Mann's alleged failure to make his first two payments.  Mann filed a counterclaim, asserting that Fratello breached the parties' contract by failing to cash the cashier's check that he gave to Fratello

---

[2] Because Mann claims that the check was valid and that he properly made the first two payments, he did not submit any other payments on the note before the second payment deadline.

before the first due date that was meant to cover the first two payments. Specifically, Mann claimed that Fratello "breached her duty of good faith and fair dealing by refusing payment" and that the notice of default was therefore unlawful, as were the fees assessed in the notice.

[¶5]  On May 3, 2024, Fratello filed a special motion to dismiss Mann's counterclaim under 14 M.R.S. § 556, Maine's anti-SLAPP statute.  In the motion, Fratello alleged that Mann's counterclaim should be dismissed because it is based on the default notice she sent and the complaint she filed, which constitute protected petitioning activity under section 556.  On May 24, 2024, Mann filed an opposition to Fratello's special motion to dismiss.

[¶6]  On August 5, 2024, the court denied Fratello's special motion to dismiss, allowing the counterclaim to proceed.  In its order, the court concluded that the anti-SLAPP statute did not warrant dismissal of the counterclaim because (1) the default notice is not petitioning activity and (2) Mann's counterclaim was not "based on" Fratello filing her complaint nor any other petitioning activity.  Fratello timely appealed.[3]  *See* M.R. App. P. 2B(c)(1).

---

[3] Although the court's order denying Fratello's special motion to dismiss is not a final judgment, we may consider an interlocutory appeal from the denial of an anti-SLAPP motion.  *Gaudette v. Mainely Media, LLC*, 2017 ME 87, ¶ 10, 160 A.3d 539.

## II. DISCUSSION

[¶7] "We review the denial of an anti-SLAPP motion de novo." *Gaudette v. Mainely Media, LLC*, 2017 ME 87, ¶ 10, 160 A.3d 539.

[¶8] The analysis governing special motions to dismiss under 14 M.R.S. § 556 involves a two-step burden-shifting procedure. *See Thurlow v. Nelson*, 2021 ME 58, ¶¶ 11-19, 263 A.3d 494. In the first step, the party bringing the special motion to dismiss must establish that the nonmoving party's claim is based on petitioning activity protected by 14 M.R.S. § 556. *Id.* ¶ 22. If the moving party so demonstrates, then, in the second step, the burden shifts to the nonmoving party, who must present prima facie evidence that the moving party's petitioning activity both (a) "was devoid of any reasonable factual support or any arguable basis in law" and (b) "caused actual injury." *Id.* ¶ 19 (quotation marks omitted); *see also* 14 M.R.S. § 556. In this second step of the analysis, "all favorable inferences must be given to the . . . nonmoving party." *Thurlow*, 2021 ME 58, ¶ 26 n.8, 263 A.3d 494. Thus, if either (i) the moving party fails to meet her burden in the first step, or (ii) the nonmoving party successfully meets his burden in the second step, then the special motion to dismiss must be denied. *See id.* ¶¶ 25, 31.

[¶9] Fratello contends that the court erred in denying her special motion to dismiss because Mann's counterclaim was based on her default notice, which, combined with her subsequent complaint, constituted protected petitioning activity under 14 M.R.S. § 556.

[¶10] We "review de novo whether the claims asserted against the moving party are based on 'petitioning activity.'" *Pollack v. Fournier*, 2020 ME 93, ¶ 12, 237 A.3d 149. Section 556 defined "petitioning activity" as

> any written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; any written or oral statement made in connection with a discrimination complaint pursuant to the Maine Human Rights Act; any written or oral statement made in connection with a complaint pursuant to Title 20-A, chapter 445 or the so-called Title IX provisions of the federal Education Amendments of 1972, Public Law 92-318; or any other statement falling within constitutional protection of the right to petition government.

6

14 M.R.S. § 556.[4]  Under the statute, the nonmoving party's claim must have been "based on" such petitioning activity.  *See id*.

[¶11]  Here, Mann's counterclaim alleges that Fratello breached their contract by refusing to cash Mann's cashier's check that would have covered the first and second payments due on the note.  Specifically, Mann states: "[Fratello] prevented [Mann] from performing his obligations under the contract by not accepting his payment" and "[Fratello] breached her duty of good faith and fair dealing by refusing payment."  Mann also asserts that Fratello "unlawfully sent a 'Notice of Default' and demand for payment" and that the fees and payments assessed in the Notice of Default, in addition to his own attorney fees, are damages that he has incurred.

[¶12]  Contrary to Fratello's assertions, Mann's claim for breach of contract is not "based on" the default notice and complaint; it is based on Fratello's refusal to accept the payments made by cashier's check on September 29, 2023.  The parties agree that the dispute over the payment took place *before* Fratello served Mann with the default notice on November 29, 2023, or filed her complaint on January 5, 2024.  As the trial court rightfully stated, "[n]ot

_____

[4] A complaint constituted protected petitioning activity under the definition set forth in 14 M.R.S. § 556.  We have not before determined whether a notice of default constitutes protected petitioning activity.  *See infra*, n.5.

every pleading that chronologically follows petitioning activity is 'based on' that petitioning activity."

[¶13]  Accordingly, the trial court did not err in concluding that Fratello did not meet her burden to demonstrate that Mann's counterclaim was based on petitioning activity within the meaning of Maine's then-effective anti-SLAPP statute.  Because we agree with the trial court that Mann's counterclaim was not based on petitioning activity,[5] we need not reach step two of the anti-SLAPP analysis.

The entry is:

Denial of the special motion to dismiss affirmed.

Jeffrey Bennett, Esq. (orally), Legal-Ease, LLC, South Portland, for appellant Katherine Fratello

Matthew H. Bowen, Esq. (orally), and Bruce W. Hepler, Esq., Law Offices of Bruce W. Hepler, LLC, Portland, for appellee Russell A. Mann

Cumberland County Superior Court docket number CV-2024-4
FOR CLERK REFERENCE ONLY

---

[5]  In *Pollack v. Fournier*, 2020 ME 93, ¶ 18, 237 A.3d 149, we suggested that the subsequent filing of a complaint could make a previous litigation notice "petitioning activity" under the anti-SLAPP statute.  Even though we conclude here that Mann's counterclaim was not based on the default notice or the complaint, we clarify that simply filing a complaint after sending a prelitigation notice does not per se make the prelitigation notice "petitioning activity" under the anti-SLAPP statute.